UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: PASSENGER VEHICLE REPLACEMENT TIRES ANTITRUST LITIGATION | ) ) ) | Case No. 5:24-md-3107 |
| | ) | MDL No. 3107 |
| This Document Applies to: | ) ) | CHIEF JUDGE SARA LIOI |
| ALL CASES | ) ) | |

## CASE MANAGEMENT ORDER NO. 1
## INITIAL STATUS ORDER

The Judicial Panel on Multidistrict Litigation ("JPML") transferred this case to the Court by Transfer Order, filed on June 7, 2024. (Doc. No. 1 (Transfer Order).) The parties shall appear for an Initial Scheduling and Case Management Conference before Chief Judge Lioi on **July 2, 2024, at 10:00 a.m.** in Courtroom 526, 2 South Main Street, Akron, Ohio 44308. The conference will be held to address the organization and management of this MDL action. *See infra*, Section VII.

Counsel for all parties are expected to participate or designate a counsel to represent the party's interests at the conference. Should any counsel need to appear by telephone at the initial conference, they must inform the MDL Clerk by **June 27, 2024,** via email to MDL@ohnd.uscourts.gov. To minimize costs and facilitate a manageable conference, parties are welcome but not required to attend the conference. Parties with similar interests are permitted to agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive

objections to jurisdiction, venue, or service. Counsel who attend must be sufficiently familiar with the case to answer any questions that arise. Note that this is an initial status conference only and that the parties are not required to provide a Rule 26(f) Report in advance of the conference.

Persons who are not named as parties in this litigation but may later be joined as parties, or are parties in related litigation pending in other federal or state courts, are invited to attend or designate counsel to represent their interests.

## I. Consolidation

The Court hereby consolidates for pretrial purposes all In Re: Passenger Vehicle Replacement Tires Antitrust Litigation actions currently pending before this Court or transferred to this Court by the MDL (the "MDL Cases"). Any "tag-along" actions later transferred to this Court, or directly filed in the Northern District of Ohio, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial.

## II. Caption and Filing Instructions

The Clerk of Court shall maintain a Master Docket and electronic case file under the caption "IN RE: PASSENGER VEHICLE REPLACEMENT TIRES ANTITRUST LITIGATION" and the case number 5:24-md-3107. Every document filed in this action shall bear the following caption:

| | | |
|---|---|---|
| IN RE: PASSENGER VEHICLE REPLACEMENT TIRES ANTITRUST LITIGATION | ) ) ) ) | Case No. 5:24-md-3107 MDL No. 3107 |
| This Document Applies to: | ) ) | CHIEF JUDGE SARA LIOI |
| [ALL CASES] or [*Specify Cases*] | ) | |

*A. Designation of Filings in Caption.* When filing a document that pertains to all cases, the phrase "ALL CASES" shall appear immediately below the phrase "This Document Relates to." Such documents shall be filed only in the Master Docket. When filing a document that pertains to fewer than all cases, the caption of the document shall list the individual docket number(s) of the action(s) to which the document pertains on a separate line below the phrase "This Document Relates to." In such latter cases, counsel shall file the document in the Master Docket *and* in the docket of each individual action or actions to which the document pertains. Counsel shall not "spread" such filings to the other consolidated cases when presented with that option during the electronic filing process.

*B. Filing Only in this Court.* Any document filed in the MDL Cases shall be filed with this Court and not with the transferor district court.

*C. Avoiding Duplicate Filings of Substantially Identical Documents.* In order to avoid duplicate filings of substantially identical documents, a party intending to file a document that would be substantially identical to any other document already filed in any of these actions, including in the Master Docket, shall incorporate by reference the document to which it is intended to be substantially identical. Where counsel for more than one party plan to file substantially identical documents, they shall join in the submission of such documents and shall file only one document on behalf of all so joined.

*D. Sealed Filings.* Sealed filings should be kept to a minimum, and parties seeking to file documents under seal must do so by motion and in compliance with Local Rule 5.2. Within five days of filing any sealed document, parties must file on the public docket a redacted version of the sealed filing, unless waiver of the redacted document filing requirement is requested and ordered by the Court.

**III.     Service List**

This order is being served upon the counsel whose appearances are listed on the docket of Case No. 5:24-md-3107. This includes counsel who made appearances on any case listed in *Schedule A* of the Transfer Order. Counsel who receive this order are directed to forward a copy of the order to other attorneys who filed appearances in cases that have been transferred to this Court and who are not listed on the docket of Case No. 5:24-md-3107. Counsel who represent a party in a case transferred under the MDL who do not currently appear of record in Case No. 5:24-md-3107 should file their notices of appearance in the case. Appearances by counsel who are not registered for e-filing in the Northern District of Ohio may be made by sending a notice of appearance to MDL@ohnd.uscourts.gov.

All counsel are required to promptly register for and participate in the Northern District of Ohio's CM/ECF filing system. That system gives each counsel immediate access to all electronically filed documents and obviates the need to make personal service on the individual parties. Unless otherwise ordered, all documents shall be filed electronically via the Court's CM/ECF system and must be filed in accordance with the Northern District of Ohio's Local Rules. Note that, pursuant to Section V below, the *pro hac vice* requirements are waived for actions transferred under Section 1407.

**IV.     Lead and Liaison Counsel**

The Court will appoint lead counsel from among counsel who have filed an action in this litigation. The duties of lead counsel are set forth in the Manual for Complex Litigation, Fourth Edition, § 40.22. Counsel for each plaintiff should immediately confer to discuss a proposed organizational structure and the selection of a plaintiffs' steering committee and lead, liaison, and/or coordinating counsel. If an agreement can be reached, counsel must include a recommended

4

organizational structure and a list of all designated counsel in their Initial Joint Status Report. *See infra*, Section VII.C.

Alternatively, if an agreement cannot be reached, individual and separate applications for appointment of lead counsel must be submitted by **June 27, 2024**. The parties should be prepared to discuss their applications and the counsel structure at the Initial Scheduling and Case Management Conference.

## V. Admission of Counsel

Rule 2.1(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation provides: "Any attorney of record in any action transferred under Section 1407 may continue to represent his or her client in any district court of the United States to which such action is transferred." Consistent with this Rule, the Court does not require a motion or fee to appear *pro hac vice*; however, the Court does require that counsel establish and maintain an account for electronic filing. Please contact Corey McCardle (corey_mccardle@ohnd.uscourts.gov) with any questions regarding electronic filing in this MDL.

## VI. Orders Entered by Transferor Courts

The Court hereby vacates all orders entered by the transferor courts imposing dates for pleading or discovery.

## VII. Preparations for Conference

*A. Procedures for Complex Litigation.* The Manual for Complex Litigation, Fourth Edition, approved by the Judicial Conference of the United States, provides guidance for management of these complex proceedings and counsel are directed to familiarize themselves with that publication.

*B. Meet and Confer Among Counsel.* Counsel are directed to meet, confer, and seek consensus regarding a proposed Scheduling Order and Case Management Plan to facilitate the just, speedy, and inexpensive determination of all pretrial matters. Counsel shall discuss all matters that are likely to be addressed at the Initial Scheduling and Case Management Conference, including (but not limited to) the following:

1. Whether there is a realistic possibility of settling the case without judicial action. To this end, consider whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of ADR, such as referral to a magistrate judge, for purposes of facilitating settlement discussion.

2. The possibility of filing consolidated pleadings, including the timing thereof.

3. Dates for defendants to file responsive pleadings (consolidated or otherwise) and/or Rule 12 motions. If motions to dismiss will be filed, counsel shall be prepared to explain the basis for such motions at the Initial Scheduling and Case Management Conference.

4. The parties' view and proposals on each enumerated aspect of a discovery plan, as set out in Federal Rule of Civil Procedure 26(f)(3)(A)–(F).

5. Whether a comprehensive protective order for the MDL Cases is appropriate. If so, the parties should prepare an agreed order. The agreed protective order must be filed by **August 2, 2024**.

6. Whether a magistrate judge or special master should be appointed to oversee discovery and to resolve discovery disputes. *See* Fed. R. Civ. P. 53.

7. Whether parties are likely to file post-discovery dispositive motions and, if so, dates for filing such motions and/or cross-motions, oppositions, and replies.

8. Suggested dates and times for periodic status conferences before the Court. Such status conferences should occur approximately every 4–6 weeks.

9. Such other matters that the parties believe may be appropriate for inclusion in the Scheduling Order and/or Case Management Plan.

C.  *Initial Joint Status Report Due.* **By June 25, 2024**, counsel shall jointly file with the Court an Initial Joint Status Report that contains the following information:

1. *Proposed Case Management Plan.* Based on the results of the meet and confer process, the parties should outline a proposed Case Management Plan, including a succinct statement of all agreements reached with respect to any of the issues enumerated in Section VII.B, a description of the positions of each party on any such matters on which they disagree, and a proposed Scheduling Order. **The proposed Case Management Plan and Scheduling Order should be made with an eye towards having the case trial ready within 32 months.**

2. *Nature of the Claims.* The Initial Joint Status Report should indicate the parties' preliminary understanding of the facts involved in the litigation and the critical factual and legal issues, which statement will not be binding nor waive claims or defenses and may not be offered into evidence against any party in later proceedings.

3. *Procedural Posture.* The Initial Joint Status Report should describe the procedural posture of the individual MDL Cases, including in which cases an answer, protective order, or motion to dismiss has been filed. The report should also identify any pending motions that the parties anticipate needing to refile prior to entry of an Initial Scheduling Order, and the status of the briefing on such motions. Any motions that this Court must resolve should be refiled in accordance with the procedures set forth below.

4. *Tag-Along Cases.* The Initial Joint Status Report should identify all other "tag-along" cases that they anticipate will be joining this action.

5. *Conference Attendance.* The Initial Joint Status Report should identify the counsel intending to attend the Initial Scheduling and Case Management Conference in person and those intending to participate via telephone.

**VIII. Interim Measures**

*A. Pretrial Consolidation and Objections Thereto.* The MDL Cases—including any related actions filed, transferred, or removed subsequent to the issuance of this Order—are consolidated for pretrial purposes. Any objections to such consolidation or to any other provision of this Order must be raised at the Initial Scheduling and Case Management Conference. For any case consolidated with the MDL Cases following that conference, any objection must be raised by a motion for relief from this Order within ten days of either counsel's first appearance herein or the entry of a consolidation order in such case, whichever is earlier.

*B. Termination of Motions.* All motions heretofore filed and docketed in any of the individual actions shall be administratively terminated, without prejudice to refiling, if appropriate and at the appropriate time, in the Master Docket. Motions may be refiled, in accordance with any further scheduling order of this Court, with the proper caption and designation. Any time-sensitive motion may be refiled before the entry of a scheduling order, with an explanation as to why the filing is time-sensitive and should not be subject to a scheduling order.

*C. Stay Pending Entry of Scheduling Order.* Defendants' obligations to answer or otherwise respond to the initial complaints filed in these actions shall remain stayed pending an initial Scheduling Order of this Court. Likewise, any discovery in these actions is stayed until further order of the Court, and the time requirements to perform any acts or file any papers, pursuant to Federal Rules of Civil Procedure 26 through 37, are tolled until a discovery schedule is established by order of the Court.

IX.    **Motion Practice**

*A. Motion Required.* All requests for Court action, including extension requests and protective orders, must be by motion, and not by stipulation or letter. All motions shall be accompanied by a proposed order.

*B. Motions to Amend Pleadings.* Any amended pleading (other than an initial consolidated complaint) shall be accompanied by a redline comparison between the original and the amended or proposed amended pleading.

X.    **Additional Cases for MDL 3107**

To facilitate the efficient consolidation of related cases that should be part of MDL No. 3107, all parties to this action shall notify the JPML of other potential related or "tag-along" actions of which they are aware or become aware. In addition, defendants shall file a Notice of Related

Case in the Master Docket whenever a new case is filed in this Court that defendants believe should be consolidated into this action, unless the action has already been assigned to the undersigned Judge.

### XI.     Compensation and Time/Expense Records

Any counsel who anticipates seeking an attorney fee award or expense reimbursement shall comply with the Manual for Complex Litigation, Fourth Edition, § 14.213 regarding the maintenance and filing of contemporaneous records reflecting the services performed and the expenses incurred.

**IT IS SO ORDERED**.

Dated: June 10, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**