**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: PASSENGER VEHICLE REPLACEMENT TIRES ANTITRUST LITIGATION ) ) ) ) | Case No. 5:24-md-3107-SL<br><br>MDL No. 3107 |
| This Document Applies to: ) ) | CHIEF JUDGE SARA LIOI |
| ALL CASES ) ) ) | |

**CASE MANAGEMENT ORDER NO. 6**
**DIRECT FILING PROCEDURES**

By agreement of the parties and upon review of their proposal, the Court **ORDERS** as follows:

**I. DIRECT FILING OF CASES IN MDL NO. 3107**

This order governs all actions in the above-captioned Multi-District Litigation No. 3107 ("MDL") that are directly filed in this MDL after the entry of this order.

**A. Direct Filing**

To eliminate delays associated with transfer of cases filed in or removed from other federal district courts to this Court, and to promote judicial efficiency, any plaintiff whose case would be subject to transfer as a tag-along action to the above-captioned MDL No. 3107 may file his/her/their/its case directly in the MDL in the United States District Court for the Northern District of Ohio in accordance with the procedures set forth herein.

Nothing in this order constitutes a determination by the Court or an admission by any party that jurisdiction or venue in this or any other court is proper. Any reference to "defendants" or "all defendants" herein does not constitute an appearance by or for any defendant not properly served.

### B. Claims Subject to Direct Filing

A case is subject to direct filing under this order if it qualifies as a tag-along action to the MDL because the plaintiff's claims arise from "an alleged price-fixing conspiracy among manufacturers of new replacement tires for passenger cars, vans, trucks, and buses, which are selected and purchased by consumers, rather than included as part of a new vehicle purchase." *In re Passenger Vehicle Replacement Tires Antitrust Litigation*, MDL No. 3107 (J.P.M.L. June 7, 2024) (Doc. No. 198). For the avoidance of doubt and for purposes of this order, this includes such actions for which the Original Venue, as set forth below, is the United States District Court for the Northern District of Ohio.

### C. Process for Direct Filing

Directly filed complaints should not be filed under the MDL case number. To directly file an action, the plaintiff must open a new case and pay the standard filing fee. Any directly filed complaints must comply with, and are subject to, the Local Rules of this district, this order, and all case management orders entered in this MDL. Counsel filing new complaints should refer to the district's website for guidance on MDL Case Openings By Attorneys, available at: https://www.ohnd.uscourts.gov/sites/ohnd/files/MDL_attorney_case_opening_documentation.pdf.

### D. Designation in Complaint

For cases filed pursuant to this order, the complaint must use the caption set forth in Paragraph J below and include: (1) a statement indicating that it is being filed in accordance with this Case Management Order No. 6 regarding direct filing procedures; and (2) a designation of venue ("Original Venue"), which will be the presumptive place of remand absent a showing by the plaintiff in the action or any defendant that the place of remand should be elsewhere, pursuant to Section H below.

### E.     Failure to Designate Original Venue

If a plaintiff filing directly into the MDL fails to designate an Original Venue, any defendant to the action may provide notice to the plaintiff. The plaintiff will have thirty (30) days to designate an Original Venue through a notice filed with the Court and served on all parties to the action. If the plaintiff fails to do so, any defendant may provide notice to the Court and request that the Court enter an order to show cause why the case should not be dismissed for failure to comply with this order and may seek fees and costs associated with the provision of notice to the Court and any request that the Court enter an order to show cause. The plaintiff will have thirty (30) days to respond to the order to show cause.

### F.     Objections to Inclusion of Directly Filed Cases in MDL No. 3107

Plaintiffs, through co-lead counsel (*see* Doc. No. 137 (CMO No. 4)), and defendants in the applicable directly filed case, will have thirty (30) days to object to the inclusion of any directly filed case in the MDL. Any such objections must be lodged by filing a "Notice of Objection to Inclusion of Directly Filed Case" (the "Notice") with the Court. The Notice must be served on all parties to the applicable directly filed case. Upon filing of the Notice, the parties will have fourteen (14) days to meet and confer. If the parties resolve the objection, the party that filed the Notice must file and serve a "Notice of Withdrawal of Objection to Inclusion of Directly Filed Case."

If the parties are unable to resolve the objection, the plaintiff will have thirty (30) days to refile the action in an appropriate district court. If the action is refiled within thirty (30) days, defendants agree not to raise as a defense any statute of limitations that lapsed between the day of filing and the day of refiling. Defendants do not waive any other statute of limitation objections. Defendants expressly retain all statute of limitations defenses that existed prior to the initial filing.

**G.     No *Lexecon* Waiver**

Each case filed pursuant to this order will be centralized for pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's June 7, 2024 Transfer Order and absent agreement of the parties to the contrary. Nothing in this order constitutes a waiver of any party's rights under *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) or a party's right to challenge personal or subject matter jurisdiction, the effectiveness of service, choice of law, statutes of limitations, *forum non conveniens*, venue, the location of any trials to be held, or any other legal rights and remedies, except as otherwise noted in this order. Nothing in this order requires or precludes the parties from agreeing to a *Lexecon* waiver in the future.

**H.     Transfer for Trial to Federal District Court of Proper Venue**

Upon completion of all pretrial proceedings applicable to a case filed directly before this Court in the MDL, this Court will transfer that case to the identified Original Venue absent an objection by one or more parties or unless the plaintiff and defendants in that action jointly advise the Court that they have waived *Lexecon* rights or that the case should remain in this district or be transferred to another district in which venue and jurisdiction is proper. Objections or a change regarding a plaintiff's designated Original Venue may be raised by motion and/or stipulation by the parties, or other means permitted by the Court, within thirty (30) days following notification by the Court of a pending transfer or as otherwise agreed by the parties. The inclusion of any action in this MDL does not constitute a determination by this Court that venue is proper in this district.

**I.     Choice of Law**

The fact that a case was filed pursuant to this order will have no impact on choice of law, including the statute of limitations, that would otherwise apply to an individual case had it been filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

This paragraph does not limit or foreclose plaintiffs' rights to amend their venue selection as permitted under the law or this order. The parties' agreement to this order has no effect on the substantive law applicable to a plaintiff's case.

**J.    Caption**

The caption for any complaint that is directly filed in MDL No. 3107 pursuant to this order must bear the following caption:

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: PASSENGER VEHICLE REPLACEMENT TIRES ANTITRUST LITIGATION | Case No. 5:24-md-3107-SL |
| | MDL No. 3107 |
| This Document Applies to: | CHIEF JUDGE SARA LIOI |
| [Plaintiff's name], | **COMPLAINT AND JURY DEMAND** |
| *Plaintiff*, v. | **Case No. [INSERT CASE NUMBER]** |
| [List of all Defendants] | |
| *Defendants*. | |

**K.    Filing Under this Order**

When utilizing and invoking this order to file a case directly in this MDL, plaintiff must insert the following paragraph in their complaint as it relates to allegations of venue:

> Plaintiff(s) file this Complaint pursuant to CMO No. 6, and are bound by the rights, protections, privileges, and obligations of that CMO and any other Order of the Court. Further, in accordance with CMO No. 6, Plaintiff(s) hereby designate(s) the United States District Court for the [*District and Division*] as Plaintiff's designated venue ("Original Venue").

Plaintiff makes this selection based upon one (or more) of the following factors (check the appropriate box(es) and fill in the blanks):

☐ Plaintiff currently resides in [*City/State*];

☐ Plaintiff purchased Defendant(s) [*name of Defendant(s)*]'s products in [*City/State*];

☐ The Original Venue is a judicial district in which Defendant(s) [*name of Defendant(s)*] resides, and all Defendants are residents of the State in which the district is located (28 U.S.C. 1391(b)(1));

☐ The Original Venue is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred (28 U.S.C. 1391 (b)(2)), and provide the following factual basis for this assertion: _____;

☐ There is no district in which an action may otherwise be brought under 28 U.S.C. 1391, and the Original Venue is a judicial district in which Defendant is subject to the Court's personal jurisdiction with respect to this action (28 U.S.C. 1391 (b)(3)); and/or

☐ Other reason (please explain): _____.

### L. Electronic Filing

Prior to filing a complaint in this district pursuant to this order, the filing attorney must establish and maintain an account for electronic filing. Please contact Corey McCardle (corey_mccardle@ohnd.uscourts.gov) with any questions regarding electronic filing in this MDL. Counsel must also comply with the filing procedures set forth in Case Management Order Nos. 3 (Doc. No. 136) and 5 (Doc. No. 158).

## II. SERVICE OF PROCESS

### A. Not an Appearance

Defendants' agreement to this order does not constitute an appearance by or for any defendant not properly served pursuant to Federal Rule of Civil Procedure 4, nor do any references to "defendants" herein constitute an appearance by or for any defendant.

**B.     Waiver of Service**

For complaints that are properly filed in, removed to, or transferred to this MDL after the entry of this order, the filing plaintiff(s) must provide copies of the complaint, summons, and civil cover sheet, along with a request to waive service, via email—including the phrase "Passenger Tires MDL – Request for Waiver of Service" in the subject line—to the following email addresses:

| Defendant | Email Addresses |
|---|---|
| Bridgestone Americas, Inc. | adam.hemlock@weil.com |
| Bridgestone Corporation | adam.hemlock@weil.com |
| Compagnie Financière Michelin SA | ashley.bauer@lw.com; juliette.brezin@lw.com |
| Compagnie Générale des Etablissements Michelin | ashley.bauer@lw.com; juliette.brezin@lw.com |
| Continental Aktiengesellschaft | mevansaziz@wsgr.com |
| Continental Tire the Americas LLC | mevansaziz@wsgr.com |
| Giti Tire (USA) Ltd. | david.ross@wilsonelser.com |
| GITI Tire Global Trading Pte. Ltd. | david.ross@wilsonelser.com |
| Hankook Tire & Technology Co., Ltd. | szaslavsky@omm.com |
| Hankook Tire America Corp. | szaslavsky@omm.com |
| Kumho Tire Co. | michael.pullos@us.dlapiper.com john.hamill@us.dlapiper.com |
| Kumho Tire U.S.A. | michael.pullos@us.dlapiper.com john.hamill@us.dlapiper.com |
| Michelin North America, Inc. | ashley.bauer@lw.com; juliette.brezin@lw.com |

| | |
|---|---|
| Nokian Tyres Inc. | laura.komarek@alston.com<br>meredith.kingsley@alston.com<br>parker.miller@alston.com |
| Nokian Tyres plc | laura.komarek@alston.com<br>meredith.kingsley@alston.com<br>parker.miller@alston.com |
| Nokian Tyres U.S. Operations LLC | laura.komarek@alston.com<br>meredith.kingsley@alston.com<br>parker.miller@alston.com |
| Pirelli & C. S.p.A. | dan.medici@whitecase.com |
| Pirelli Tire LLC | dan.medici@whitecase.com |
| Sumitomo Rubber Industries, Ltd. | clay.everett@morganlewis.com<br>william.mcenroe@morganlewis.com |
| Sumitomo Rubber North America, Inc. | clay.everett@morganlewis.com<br>william.mcenroe@morganlewis.com |
| The Goodyear Tire & Rubber Company | jfitch@cov.com |
| Toyo Tire Corporation | macaulay.ivory@dwt.com;<br>gerald.stein@dwt.com |
| Toyo Tire U.S.A. Corp. | macaulay.ivory@dwt.com;<br>gerald.stein@dwt.com |
| Yokohama Rubber Co., Ltd. | ahealey@jonesday.com |
| Yokohama Tire Corporation | ahealey@jonesday.com |

Defendants will have fifteen (15) business days to respond to plaintiffs' email requests for waiver of service. Waiver of service will not constitute a waiver of any defense. If service is waived, plaintiffs must file the proof of waiver of service to the Court as required by Rule 4(d) of the Federal Rules of Civil Procedure.

For all complaints filed in, removed to, or transferred to this MDL after the entry of this order: (1) all requests for issuance of summons must be made in the underlying member case, and

8

not through the MDL; and (2) all proofs of service must be filed only in the underlying member case and not on the MDL Docket.

For any defendant who waives service pursuant to this order, the deadline for responding to any complaint properly filed in, removed to, or transferred to this MDL after entry of this order is stayed pending further order of this Court.

**IT IS SO ORDERED**.

Dated: July 29, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**